# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT GRISSOM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>P.L. VASQUEZ, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-1146-AWI-MJS PC<br><br>ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH MULTIPLE COURT ORDERS<br><br>(ECF Nos. 2, 4, 5) |

　　　　Plaintiff Vincent Grissom is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff, along with a number of other prisoners, initiated this lawsuit on December 7, 2009.  (ECF No. 1.)  On June 24, 2010, the Court severed the multiple plaintiffs' claims and opened a new case in which Grissom was the sole plaintiff.  (ECF No. 2.)  The Court ordered Grissom to submit an amended complaint bearing his new case number and asserting only his personal claims by July 27, 2010.  (Id.)  The Court also ordered Grissom to submit a motion to proceed in forma pauperis or to pay the filing fee by July 27, 2010.  (Id.)  Additionally, the Court issued new case documents that required Grissom to return a completed consent form by July 27, 2010.  (ECF No. 3.)

　　　　On August 18, 2010, the Court issued a show cause order directing Grissom to show cause why his case should not be dismissed for failure to obey a court order.  (ECF No. 5.)  The Court noted that Plaintiff had failed to file an amended complaint and had not requested to proceed in forma pauperis or pay the filing fee.  (Id.)  The Court ordered Plaintiff to respond to the show cause

1  order by September 8, 2010.  (Id.)  The Court also issued a second consent form and ordered
2  Grissom to respond by September 13, 2010.  (ECF No. 4.)  To date, Plaintiff has failed to respond
3  to the Court's show cause order.  Grissom has still not filed an amended complaint, has not paid the
4  filing fee or moved to proceed in forma pauperis, and has not returned the consent form.

5        Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local
6  Rules or with any order of the Court may be grounds for the imposition by the Court of any and all
7  sanctions . . . within the inherent power of the Court."  District courts have the inherent power to
8  control their dockets and "in the exercise of that power, they may impose sanctions including, where
9  appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.
10 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
11 action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.
12 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.
13 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
14 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
15 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
16 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
17 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
18 failure to lack of prosecution and failure to comply with local rules).

19       Because Plaintiff has repeatedly ignored multiple orders of the Court, the Court is left with
20 no choice but to dismiss this action.  Accordingly, the above-captioned action is DISMISSED
21 without prejudice based for failure to prosecute and failure to obey a court order.

23 IT IS SO ORDERED.

24 Dated:    November 13, 2010
25                                                                    CHIEF UNITED STATES DISTRICT JUDGE